■ In the Matter of FRANK D. DE COLA, Petitioner, v JOSEPH J. PREVITE et al., Constituting the Board of Elections of the City of New York, Respondents, and MICHAEL R. BENEDETTO, Appellant. THERESA BENEDETTO et al., Respondents. (And Other Proceedings.)—Judgment, Supreme Court, Bronx County, entered August 22, 1980, reversed, on the law and the facts, the petition of petitioner-objectant-respondent to invalidate the petitions filed with the board of elections in behalf of respondent-appellant candidate Benedetto dismissed, and the name of that candidate for office as State Senator, 34th Senatorial District, reinstated on the primary election ballot, without costs and without disbursements. The motion to invalidate granted at Special Term was premised upon a claim by a rival candidate, sustained by the court, "that the entire process of signature gathering by the subscribing witnesses herein is fully permeated by fraud and, hence, all those signatures are invalid." The Special Referee's finding that he accorded credibility to the subscribing witnesses—the greater number of them all—who testified at the hearing was disaffirmed by Special Term, as was the Referee's conclusion that the claim of permeation by fraud was not established. We find that the court erred in these respects, and we find further from the hearing record that the court's evaluation of the chief four of these subscribing witnesses was not sustained by that record. Certain brief examples will suffice to establish that the court's findings in these respects were not in accord with the hearing record. One Pieto's testimony as to the signatures procured by her was brushed aside, and her signatures all stricken, primarily because one signer said a man and not a woman had taken his signature, and on the basis that one Caraci disavowed his signature; the latter's statement that the signature could have been that of his son, of the same name, was disregarded. A male subscribing witness, Capelli, was identified by the court as a woman. As to another subscribing witness, the court stated that, "although properly subpoenaed Collazi failed to appear." But Collazi had appeared, and testified fully, also denying having been subpoenaed. Riconda, a part-time city summer employee and summer school student, testified that he obtained his signatures late in the evening after school or on weekends; there is nothing inherently incredible, as Special Term seemed to find, in his being able to garner 500 signatures. Though there was evidence both ways as to whether a certain meeting, the start of the solicitation campaign, took place in June or July, the court found that it was held after the middle of July, and, on that basis alone, found that there was backdating of signatures, a fraudulent practice. The Special Referee, who saw, heard, and evaluated the witnesses, made no such finding. Special Term also brushed aside the Referee's astute observation as to signers that "almost without exception, the petition signers who appeared as witnesses at the hearing stated that the signing of the petition was a brief event of which they had only a vague memory." In the circumstances, we vacate Special Term's findings inconsistent herewith, and deem new findings made consonant with what is written here and in the Referee's report. There is one further aspect of the Referee's report not adverted to by Special Term, as to which the Special Referee made a specific finding. Attack was made by petitioner-objectant-respondent upon respondent-appellant's standing as a duly registered and enrolled voter from the address stated in his petitions to the board of elections. The Referee found him so to be, and we confirm accordingly. Only one further small but troublesome aspect of the matter remains to be addressed. Petitioner-objector-respondent supplied the transcript of proceedings held before the Referee to Special Term, which was returned, we are told by Special Term personnel, to

representatives of the supplier, and not since accounted for. On this appeal, respondent-appellant has furnished a hearing transcript procured from the court reporters, together with the senior court reporter's written statement that, as of the close of the day of argument here, 1,210 pages were transcribed, i.e., the transcript before us. At a conference with counsel, we have learned that the remaining portion of the hearing, held at the board of elections, was concerned with evidence by the clerk of the board as to procedures having to do with Benedetto's qualifications to be a candidate, by Benedetto himself, and by one of his campaign assistants, none of which has anything to do with the grounds assigned by Special Term for decision here. For our purposes, we deem the record complete. In any event, we find the following in the Referee's report which seems to indicate that any objection now to the state of the record is foreclosed: "At the outset of the hearings, the candidate Benedetto and the objector De Cola appeared by counsel and waived transcript and filing of the minutes (CPLR § 4320 [b]) and the necessity of a written report." Concur—Kupferman, J. P., Markewich, Silverman and Bloom, JJ.